IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHYLLIS A. PACIULLI, | ) |
| Plaintiff, | ) ) ) |
| vs | ) ) Civil Action No. 2:25-196 |
| EXPRESSIONS CATALOGUE a/k/a EXPRESSIONS, INDIA GARMENTS, INC., and POTPOURRI GROUP, INC., | ) ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

I. **Recommendation**

It is respectfully recommended that the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant India Garments, Inc. (ECF No. 5) be denied, but that this case be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631.

II. **Report**

Plaintiff Phyllis A. Paciulli brought this action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendants Expressions Catalogue ("Expressions"), India Garments, Inc. ("India Garments") and Potpourri Group, Inc. ("Potpourri"), alleging claims of strict product liability arising out of injuries she incurred when a garment caught fire. She alleges that she purchased the garment from Expressions (which is owned by Potpourri) and that it was manufactured by India Garments.

India Garments now moves to dismiss the case for lack of personal jurisdiction. It also indicates, however, that it consents to Plaintiff's request to transfer this case to the District of New Jersey, where its principal place of business is located. For the reasons that follow, the

Court concludes that personal jurisdiction cannot be asserted over India Garments, but that this case should be transferred to the District of New Jersey.

**1. Relevant Procedural History**

Plaintiff initiated this action in the Court of Common Pleas of Allegheny County by filing a praecipe for writ of summons on July 13, 2023. Summons was reissued on October 5, 2023. After India Garments ruled Plaintiff to file a complaint, she filed her Complaint on January 13, 2025. The Complaint asserts claims of strict liability against Expressions (Count I), Potpourri (Count II) and India Garments (Count III).

On February 11, 2025, India Garments removed the case to this Court based on diversity of citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, because the action is between Plaintiff, a citizen of Pennsylvania; India Garments, a citizen of New York and New Jersey; and Expressions and Potpourri, both citizens of Massachusetts. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Am. Notice of Removal ¶¶ 7-13) (ECF No. 4.)[1]

On February 19, 2025, India Garments filed a motion to dismiss for lack of personal jurisdiction (ECF No. 5), which has been fully briefed (ECF Nos. 6, 19, 21).[2] Its brief includes

---

[1] India Garments stated that it made efforts to obtain the consent of the other Defendants but was unable to make contact with them. (*Id.* ¶ 15.) It noted that at the time of removal, there was no evidence on the docket that they had been served and, pursuant to 28 U.S.C. § 1446(b)(2)(A), only those defendants "who have been properly joined and served must join in or consent to the removal of the action." *See J.H. v. City of Philadelphia*, 2017 WL 5668051, at *2 (E.D. Pa. Nov. 27, 2017) (the rule that all defendants must consent to removal applies only to those defendants properly served *at the time of removal*.") Neither Expressions nor Potpourri have appeared in this case or in the state court case before it was removed.

[2] After Plaintiff indicated in a filing that Expressions and Potpourri had in fact been served, she was ordered to file proofs of service with respect to them. The proofs of service, submitted on April 3, 2025, state that they were served on October 10 and 11, 2023. (ECF Nos. 15, 16.) If Expressions and Potpourri were served at that time, the failure of all defendants to join in removal was a procedural defect. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

the Affidavit of Manoj Chugani, the co-owner of India Garments, and a purchase order. Plaintiff did not file any supporting documents regarding personal jurisdiction.

**2. Factual Allegations Regarding Plaintiff's Claim**

According to the Complaint, Plaintiff purchased two identical items of women's loungewear by ordering them through the Expressions catalogue. She alleges that India Garments manufactured and distributed the garments. On July 19, 2021, she was wearing one of the garments outside her home while burning papers in a chiminea. "As the fire was starting, [she] dropped her phone and reached for it. At that time her garment ignited at the bottom of the garment, quickly engulfing the garment in flames, destroying the garment, except for a small piece of material." (Compl. ¶¶ 5-6, 27) (ECF No. 1 Ex. E.) She claims that she became trapped by the flaming garment and sustained serious and permanent injuries and damages.

**3. Factual Allegations Relevant to Personal Jurisdiction**

The Complaint alleges that India Garments "manufactures, distributes and sells various items for retail sale and regularly conducts substantial business within the Commonwealth of Pennsylvania." (Compl. ¶ 4.) India Garments argues, however, that the Complaint has no supporting factual allegations concerning the "substantial business" that India Garments purportedly performs in Pennsylvania, nor does it make any factual allegations about the relationship between India Garments and Expressions or Potpourri to establish how India Garment's business practices relate to Pennsylvania.

Manoj Chugani, the co-owner and president of India Garments, states that the company imports clothing and other textile items to its warehouse in New Jersey and sells them to

---

However, procedural defects must be raised within thirty days of removal, 28 U.S.C. § 1447(c), and Plaintiff never raised this issue or sought remand. Moreover, she has not requested the entry of default with respect to these defendants.

distributors, such as Expressions and Potpourri, but does not sell items directly to customers, including in Pennsylvania. Once the items are shipped to its customers, India Garments no longer has any control over those items or their ultimate destinations. (Manoj Aff. ¶¶ 5-7, 9.)[3] As of the relevant time frame, India Garments conducted its business transactions with Expressions and Potpourri through the fulfillment of purchase orders, an example of which is attached to its brief as Exhibit B.

Chugani states that India Garments does not own or control any personal or real property in Pennsylvania, including offices or warehouses. It has no mailing address, telephone numbers, telefax numbers or bank accounts in Pennsylvania. (*Id.* ¶ 8.) Since 2005, it has shipped items to Expressions and Potpourri. Both presently and at the time relevant to the dispute in this case, it conducts business with them receiving purchase orders and shipping the items from New Jersey to Expressions and Potpourri's location in Massachusetts. (*Id.* ¶ 10; ECF No. 5 Ex. B.)

Although India Garments previously sold imported items to distributors in Pennsylvania, it has not done so since at least 2015. It does not sell items directly to any distributors in Pennsylvania, nor does it advertise its products in Pennsylvania. (*Id.* ¶¶ 11-12.)

Chugani also stated that since India Garments' imports are sold nationally by its distributors, some items are likely to be eventually sold or used in Pennsylvania, but he has no reason to believe that this accounts for a disproportionate share of the items' ultimate destinations. (*Id.* ¶ 13.)

---

[3] ECF No. 5 Ex. A.

## 4. Discussion

### A. <u>Personal Jurisdiction</u>

Under Rule 12(b)(2), a defendant may file a motion to dismiss if the plaintiff fails to establish that the court has personal jurisdiction over it. "Once it is challenged, the burden rests upon the plaintiff to establish personal jurisdiction. A nexus between the defendant, the forum and the litigation is the essential foundation of in personam jurisdiction." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citation omitted).

The court initially must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," who only needs to establish a "prima facie case." *Carteret Savs. Bank, FA v. Shushan*, 954 F.2d 141, 142 & n.1 (3d Cir. 1992). The court can reconsider the issue "if it appears that the facts alleged to support jurisdiction are in dispute," and can conduct an evidentiary hearing to resolve any disputed facts. *Id.* "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

As noted by the Supreme Court, its decisions:

> have recognized two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Goodyear* [*Dunlop Tires Operations, S.A. v. Brown*], 564 U.S. [915], 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. at 924, 131 S. Ct. 2846. A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. Id. at 919, 131 S. Ct. 2846. But "only a limited set of affiliations with a forum will render a defendant amenable

5

>to" general jurisdiction in that State. *Daimler* [*AG v. Bauman*], 571 U.S. [117], 137, 134 S. Ct. [746], 760, [187 L. Ed. 2d 624 (2014)]

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Other than in an "exceptional case," the only forums that will be appropriate are a corporation's state of incorporation and its principal place of business. *Daimler*, 571 U.S. at 139 n.19.

On the other hand, in order for the court to exercise specific jurisdiction, the lawsuit must arise out of or relate to the defendant's contacts with the forum. *Bristol-Myers Squibb*, 582 U.S. at 262. As the Supreme Court has stated:

>In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S., at 919, 131 S. Ct. 2846 (internal quotation marks and brackets omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Ibid.* (internal quotation marks omitted).

*Id.*

Whether specific jurisdiction exists includes an analysis of three factors. First, it must be determined if the defendant "purposefully directed [its] activities" at the forum. In addition, the litigation must arise out or relate to one of these activities, and third, a court may consider whether its exercise of jurisdiction would "comport with 'fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.,* 496 F. 3d 312, 317 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 472, 476).

The Federal Rules of Civil Procedure authorize a district court to assert personal jurisdiction over a non-resident to the extent permissible under the law of the state where the district court sits. Fed. R. Civ. P. 4(k)(1)(A). *O'Connor*, 496 F.3d at 316. Pursuant to Pennsylvania's long arm statute, 42 Pa. C.S. § 5322(a), a plaintiff can establish specific personal

jurisdiction by showing that a defendant has engaged in forum related activities.

Pennsylvania also authorizes exercise of the jurisdiction of its courts over non-residents "where the contact is sufficient under the Constitution of the United States," 42 Pa. C.S. § 5308, and "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b). *See Kubik v. Letteri*, 614 A.2d 1110, 1114 (Pa. 1992) (following *Burger King* analysis).

India Garments argues that Plaintiff has failed to allege a basis for the exercise of personal jurisdiction over it. It contends that general jurisdiction does not exist because it is not "at home" in Pennsylvania and specific jurisdiction does not exists because it has not purposefully directed any activities toward Pennsylvania resulting in this litigation.

Plaintiff initially appears to suggest that India Garments waived the right to challenge personal jurisdiction because it did not do so prior to removal. See ECF No. 19 at 2 ("While not raising any issue of personal jurisdiction in its Notice of Removal, India [Garments] subsequently filed a Motion to Dismiss solely on the basis of personal jurisdiction.") To the extent that Plaintiff is asserting this argument, she is incorrect:

> On removal, a defendant brings its defenses with it to federal court. This is because "[t]he [federal court's] jurisdiction exercised on removal is original not appellate." *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452, 63 S. Ct. 1146, 87 L. Ed. 1509 (1943). Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal. *Id.* at 451, 63 S. Ct. 1146.

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). *See also* Fed. R. Civ. P. 81(c)(1) (on removal, the Federal Rules of Civil procedure govern, thus a defendant may invoke Rule 12(b)(2) to move for dismissal for lack of personal jurisdiction).

Plaintiff does not discuss the concept of general jurisdiction at all, let alone argue that general jurisdiction exists over India Garments. Rather, she contends that Pennsylvania law provides for the exercise of personal jurisdiction based on "the shipping of merchandise directly or indirectly into or through this Commonwealth." 42 Pa. C.S. § 5322(a)(1)(iii). She claims that based on the invoice attached to India Garment's motion and its "admission that India [Garments] has provided the problematic document to the other two Defendants, the indirect element of the Pennsylvania Long-Arm Statute would apply." (ECF No. 19 at 2.) She goes on to argue, without any citation, that "the stream of commerce theory should apply with a more literal view of jurisdiction and venue." *Id.*

As India Garments notes, however, a "defendant's contacts. . . must amount to 'a deliberate targeting of the forum.'" *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009) (quoting *O'Connor*, 496 F.3d at 317). It asserts that, as its supporting affidavit confirms, it has taken no deliberate action to purposefully avail itself of the privileges of doing business in Pennsylvania. It is not registered to do business in the state, has no offices here and has not even sold directly to a distributor in Pennsylvania since 2015. While it has no specific knowledge of the garment at issue, under the company's general practices, the garment would have been sold and shipped from its principal place of business in New Jersey to the location of Expressions and Potpourri in Massachusetts. From that point on, India Garments had no control or knowledge regarding the garment's shipping or its final destination. Thus, India Garments did not send the garment into Pennsylvania, nor was it even aware that the garment would be shipped here.

Plaintiff does not dispute these facts or offer a competing version. Rather, she appears to argue essentially that, by placing the garment into the "stream of commerce," India Garments

8

subjected itself to the personal jurisdiction of whatever state the garment arrived in. This is not the law, however. "The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011).[4] Here, there is no basis to conclude that India Garments targeted Pennsylvania merely because some of its goods made their way into the state.

Thus, Plaintiff has failed to demonstrate any basis for exercising general or specific personal jurisdiction over India Garments.

The remaining issue is whether the case should be dismissed or transferred to an appropriate forum.

B. Dismissal or Transfer

Title 28 provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The Court of Appeals has held that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano*, 948 F.3d at 132. The court noted that Section 1631 "provides that the district court 'shall' transfer the case rather than dismiss it 'if [doing so]

---

[4] Although no opinion garnered a majority of the Court in *Nicastro*, six of the nine justices agreed that the lower court could not exercise personal jurisdiction over the defendant. *See Nicastro*, 564 U.S. at 887 (plurality opinion); *id.* at 893 (Breyer, J., concurring).

is in the interest of justice.'" *Id.* And although a court need not investigate on its own all other courts that "might" or "could have" heard the case, "the court must make some findings under § 1631, at least when the parties identify other courts that might be able to hear their case." *Id.*

Plaintiff indicates that she and India Garments have agreed that the case could be transferred to the United States District Court for the District of New Jersey where India Garments has its principal place of business (ECF No. 19 at 3), and India Garments consents to this transfer (ECF No. 21 at 4).[5] Based on the statements in the Chugani Affidavit about the business dealings between India Garments in New Jersey and Expressions and Potpourri in Massachusetts, the Court also concludes that a "prima facie showing" has been made that New Jersey could exercise personal jurisdiction over Expressions and Potpourri as well. *See D'Jamoos*, 566 F.3d at 110.

Avoiding statute of limitations issues is one reason courts may transfer a case, rather than dismiss it, in the interest of justice. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962) ("Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake...."). New Jersey has a two-year statute of limitations for product liability claims, N.J. Stat. Ann. § 2A:14-2(a). Thus, the action could have been brought in New Jersey on the date Plaintiff initiated the case in Pennsylvania and will be timely if transferred there, but if this case is dismissed, Plaintiff will not be able to bring it in New Jersey now. This factor weighs in favor of transfer.

---

[5] India Garments states that it does not contest transfer under 28 U.S.C. § 1404(a) (ECF No. 21 at 1). However, because the Court has determined that personal jurisdiction over India Garments is lacking, "any transfer must be evaluated under 28 U.S.C. § 1631, rather than 28 U.S.C. § 1404(a)." *Lehrer v. Blue Mountain Ski Area & Resort*, 2024 WL 1928459, at *5 n.5 (D.N.J. Apr. 30, 2024) (citations omitted).

The Court therefore concludes that it is in the interest of justice to transfer this case, rather than dismiss it. Therefore, it is recommended that the case be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1631.

**5. Conclusion**

For the reasons explained above, it is recommended that the motion to dismiss for lack of personal jurisdiction filed by India Garments be denied and that this action be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by June 18, 2025. Any party opposing the objections shall file a response by July 2, 2025. Failure to file timely objections will waive the right of appeal.

Dated: June 4, 2025                                   BY THE COURT:

                                                           /s/Patricia L. Dodge
                                                           PATRICIA L. DODGE
                                                           UNITED STATES MAGISTRATE JUDGE